UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA LOUIS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>HEALTHSOURCE GLOBAL STAFFING, INC.,<br><br>  Defendant. | Case No. 22-cv-02436-JD<br><br>**ORDER RE ARBITRATION** |

Defendant Healthsource Global Staffing, Inc., asks for an order compelling the individual claims of named plaintiffs Patricia Louis and Morgan Murray to arbitration pursuant to the parties' arbitration agreements and the Federal Arbitration Act (FAA). Healthsource filed a motion to compel arbitration on August 15, 2022. Dkt. No. 29. Under Civil Local Rule 7-3(a), plaintiffs' opposition was due on August 29, 2022. On September 6, 2022, Healthsource filed a notice that plaintiffs had not filed or served a response to the motion. Dkt. No. 30. To date, plaintiffs have not filed a response, or otherwise opposed the arbitration demand.

Why this is so is not clear, especially since plaintiffs briefed a motion to remand and have actively engaged with this case in other respects. *See* Dkt. Nos. 20, 21, 22. The record demonstrates that plaintiffs had notice of the arbitration demand. The parties submitted a joint case management statement on July 14, 2022, stating that "Defendant claims that Plaintiffs signed arbitration agreements as part of their work with HSG and Plaintiffs plan to conduct discovery on the arbitrability of their claims," and that Healthsource "anticipates filing a Motion to Compel Arbitration intended to be heard on August 25, 2022, on the basis that Plaintiffs entered into a written agreement to arbitrate all claims arising out of their employment with HSG." *See* Dkt. No. 27 at 4, 6. Healthsource says it sent plaintiffs' counsel the applicable arbitration agreements on

May 23, 2022, and the parties met and conferred regarding individual arbitration on June 28, 2022, but plaintiffs declined to stipulate to arbitration. Dkt. No. 29 at 2.

Plaintiffs' failure to oppose the demand is enough in itself to compel arbitration. Even so, the Court independently reviewed the arbitration demand, and concludes that the claims are arbitrable. Consequently, the case is ordered to arbitration.

## DISCUSSION

Plaintiffs Louis and Murray signed arbitration agreements with Healthsource in June 2017 and November 2018, respectively. Dkt. No. 29 at 5-6; Dkt. No. 29-1 ¶¶ 11, 13. In effect, the named plaintiffs and Healthsource committed to the same arbitration agreement for all parties. The 2017 and 2018 agreements expressly state that they are governed by the FAA. Dkt. No. 29-1, Ex. A ¶ 4, Ex. B ¶ 4. Each agreement provides that "any and all disputes arising out of, in connection with, or relating to your employment agreement with HealthSource, your employment with HealthSource, and any and all previous and future employment relationships with HealthSource, including with respect to the termination of such employment or other and any dispute as to the validity, interpretation, construction, application or enforcement of any provision of the operative employment agreement, shall be submitted to binding arbitration before a neutral arbitrator." *Id.* Ex. A ¶ 2, Ex. B ¶ 2. The parties agreed that "class action and representative action procedures shall not be asserted" in any arbitration, and that the parties will not "assert class action or representative action claims against the other in arbitration or otherwise." *Id.* The agreements also provide that plaintiffs may revoke their assent within thirty days of signing, but neither plaintiff did so. *Id.* ¶¶ 11, 13, Ex. A ¶ 7, Ex. B. ¶ 7.

The FAA governs here. The FAA applies to contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2. The Supreme Court has interpreted "involving commerce" "as the functional equivalent of the more familiar term 'affecting commerce' -- words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003) (per curiam). Healthsource engages in interstate commerce because it recruits nurses from all fifty states, and its employees work in hospitals all over the country during labor disputes. *See* Dkt. No. 29-1 ¶ 2. The plaintiffs'

arbitration agreements also expressly state that the FAA governs.  *Id.*, Ex. A ¶ 4, Ex. B ¶ 4; *see also Williams v. Eaze Sols., Inc.*, 417 F. Supp. 3d 1233, 1238 (N.D. Cal. 2019) (FAA applied where terms of service stated that the FAA governed the interpretation and enforcement of the dispute resolution section).

        The FAA's "overarching purpose ... is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).  Under Section 4 of the FAA, the Court's role "is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).  If the party seeking to compel arbitration establishes both factors, the district court "must order the parties to proceed to arbitration only in accordance with the terms of their agreement." *Id.*  "Any doubts about the scope of arbitrable issues should be decided in favor of arbitration." *Williams*, 417 F. Supp. 3d at 1239 (citing *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1139 (9th Cir. 1991)); *see also Martinez v. Ross Stores, Inc.*, No. 18-cv-04636-JD, 2019 WL 4221704, at *1-2 (N.D. Cal. Sept. 5, 2019); *McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2018 WL 1913832, at *2 (N.D. Cal. Jan. 24, 2018).

        There is no question that a valid and enforceable arbitration agreement exists between Healthsource and the named plaintiffs.  The arbitration agreement plaintiffs signed was clear and straightforward.  *See* Dkt. No. 29-1, Exs. A, B.  By signing the agreement, each plaintiff acknowledged that they read the agreement, understood its terms, and entered into the agreement voluntarily.  *Id.* Ex. A. ¶ 7, Ex. B ¶ 7; *see also Jacobson v. Snap-on Tools Co.*, Case No. 15-cv-02141-JD, 2015 WL 8293164, at *3 (N.D. Cal. Dec. 9, 2015) (arbitration agreement was valid and enforceable even though plaintiff did not read the terms).

        The arbitration agreement covers all eleven claims in the complaint.  Plaintiffs' wage and hour claims, meal and rest break claims, and derivative unfair business practices claims are all are rooted in their employment relationship with Healthsource and consequently subject to arbitration.  *See* Dkt. No. 1-2, Ex. I ¶¶ 32-86; Dkt. No. 29-1, Ex. A ¶ 2, Ex. B ¶ 2.  So too for plaintiffs' claims

brought under California's Private Attorneys General Act (PAGA), which rest on the same allegations. Dkt. No. 1-2, Ex. I ¶ 89; Cal. Lab. Code § 2698.

With respect to specific questions about the scope of the arbitration, such as whether the parties waived class or representative actions, the arbitration agreement incorporates the American Arbitration Association (AAA) rules for employment cases. Dkt. No. 29-1, Ex. A ¶ 2, Ex. B ¶ 2. Rule 6(a) of the AAA Employment Arbitration Rules provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." The "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1128, 1130 (9th Cir. 2015) (citing the same AAA rule).

Consequently, the parties have agreed to delegate such issues to the arbitrator for decision. *See McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2017 WL 4551484, at *1-3 (N.D. Cal. Oct. 11, 2017) (incorporation of AAA rules in the arbitration agreement "compels arbitration of arbitrability" under *Brennan*, even without "an express statement" of delegation). The Court reaches no conclusions about these issues here.

## CONCLUSION

The claims in the complaint are referred to arbitration. Healthsource asked to dismiss, or in the alternative, to stay the action pending arbitration. *See* Dkt. No. 29 at 14. "[A] district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074-75 (9th Cir. 2014). The case is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: October 3, 2022

JAMES DONATO
United States District Judge